UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**MAERSK LINE, LIMITED,**

    Plaintiff,

v.                                                                Civil Action No. 2:21cv_____

**UNITED STATES COAST GUARD,**

    Defendant.

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff Maersk Line, Limited ("Plaintiff" or "MLL") seeks injunctive, declaratory, and other appropriate relief for the processing and release of agency records requested by Plaintiff from Defendant United States Coast Guard ("Defendant" or "USCG").

2. Specifically, Plaintiff has requested records in the custody, possession, or control of the agency as more fully described by the matrix attached hereto as **Exhibit 1**.

## Jurisdiction and Venue

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## Parties

4. Plaintiff is a U.S.-flagged shipping company incorporated in the State of Delaware with its principle place of business in Norfolk, Virginia.

5. The USCG, a part of the U.S. Department of Homeland Security, is an "agency" within the meaning of the FOIA, 5 U.S.C §§ 551(1) and 552(f)(1). The USCG has possession or control of the records that Plaintiff seeks in this action.

**Statutory and Regulatory Framework**

6. The FOIA requires federal agencies, upon request, to make records "promptly available" to the public. 5 U.S.C. § 552(a)(3)(A).

7. An agency must determine whether to comply with a FOIA request within twenty business days and "shall immediately notify the person making such request of . . . such determination and the reasons therefor." 5 U.S.C. § 552(a)(6)(A)(i); 15 C.F.R. § 4.6(b).

8. The twenty-day deadline for an agency to determine whether to comply with a FOIA request "shall commence on the date on which the request is first received by the appropriate component of the agency, but in any event not later than ten days after the request is first received by any component of the agency." 5 U.S.C. § 552(a)(6)(A). If an agency does not respond to a FOIA request by the statutory deadline, the requester "shall be deemed to have exhausted [its] administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph." 5 U.S.C. § 552(a)(6)(C)(i).

9. The "burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B).

10. "There is a provision that allows an agency to extend the applicable time limits by providing written notice to the person making the request, 'setting forth the reasons for such extension and the date on which a determination is expected to be dispatched,' 5 U.S.C. § 552(a)(6)(B), but such extensions only are permissible in unusual circumstances and for not more than ten working days." *Marschner v. Dep't of CG, Sec'y of State*, 470 F. Supp. 196, 199 (D. Conn. 1979) (internal citation omitted).

11. "The FOIA was intended by Congress to enable individuals to inform themselves of their government's activities, and the time provisions of the Act are central to its purpose. When Congress amended the Act in 1974, one of its primary objectives was to 'expedite the handling of requests from Federal agencies in order to contribute to the fuller and faster release of information,

which is the basic objective of the Act.' H. Rep. No. 93-876, 93rd Cong., 2d Sess. (1974), U.S. Code Cong. and Admin. News, p. 6267.  The House committee put it succinctly: 'excessive delay by the agency in its response is often tantamount to denial.  It is the intent of the bill that the affected agencies be required to respond to inquiries within specific time limits.' H. Rep. No. 93-876, supra at 6271." *Hayden v. U. S. Dep't of Justice*, 413 F. Supp. 1285, 1288 (D.D.C. 1976) (emphasis added).

12. "Inadequate staff, insufficient funding or a great number of requests are not within the meaning of 'exceptional circumstances' as that language is used in [5 USCS § 552(a)(6)(C)] nor were they within the contemplation of its framers as evidenced by the legislative history." *Hamlin v. Kelley*, 433 F. Supp. 180, 182 (N.D. Ill. 1977).

**Facts**

13. Exhibit 1 provides a summary of the FOIA requests made by Plaintiff to the USCG that are overdue as of the date of filing this Complaint.

14. On or about May 5, 2021, Plaintiff submitted a letter to the USCG requesting the status of Plaintiff's overdue FOIA requests.  The May 5, 2021 letter is attached hereto as **Exhibit 2**.

15. On or about July 20, 2021, Plaintiff submitted a second letter to the USCG requesting the status of Plaintiff's overdue FOIA requests.  The July 20, 2021 letter is attached hereto as **Exhibit 3**.

16. On or about July 30, 2021, the USCG replied to Plaintiff by email stating that, due to increased focus on cyber security, staffing issues, and the volume of FOIA requests, it could take six months to respond to Plaintiff's requests for communications and three months to respond to Plaintiff's other requests.  The July 30, 2021 email is attached hereto as **Exhibit 4**.

17. Along with the July 30, 2021 email, the USCG added the information shown in the 'Status' column of Exhibit 1 and the details shown below the table in Exhibit 1.

18. By letter dated August 11, 2021, the Coast Guard Investigative Service division of the USCG acknowledged receipt of one of Plaintiff's FOIA requests, reference number 2021-CGFO-01014, which Plaintiff submitted to the USCG more than four months earlier. The August 11, 2021 letter is attached hereto as **Exhibit 5**.

19. To date, the USCG has failed to produce any documents.

## Claim for Relief

### Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records

20. Plaintiff incorporates by reference and realleges the allegations set forth in Paragraphs 1 through 19 above.

21. The USCG has wrongfully withheld agency records requested by Plaintiff.

22. Under 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff has exhausted its administrative remedies. *See also Marschner*, 470 F. Supp. at 198-99.

23. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested records.

## Request for Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

A. declare that the USCG violated the FOIA by failing to make a final determination as to whether it will comply with Plaintiff's FOIA request within the statutory prescribed time, failing to immediately notify Plaintiff of such determination, and failing to produce non-exempt records responsive to Plaintiff's request by the statutory deadline;

B. order the USCG to disclose all responsive, non-exempt records by a date certain without further delay, 28 U.S.C. § 1657(a);

      C.     award Plaintiff its reasonable costs and attorneys' fees, 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412(d); and

      D.     grant Plaintiff such other and further relief as the Court deems just and proper.

Dated: September 9, 2021                  Respectfully submitted,

                                            **MAERSK LINE, LIMITED**

                                            By: /s/ *Ryan T. Gibson*
Ryan T. Gibson (VSB No. 83183)
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510
T: (757) 624-3000
F: (888)360-9092
Email: rtgibson@kaufcan.com
*Counsel for Plaintiff Maersk Line, Limited*